IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED ACCESS TECHNOLOGIES, LLC, | : |
| Plaintiff, | : |
| v. | : C.A. No. 11-338-LPS |
| AT&T CORP., ET AL., | : |
| Defendants. | : |

## MEMORANDUM ORDER

At Wilmington this 26th day of July, 2013, this matter coming before the Court upon the Motion to Dismiss (D.I. 15) plaintiff United Access Technologies, LLC's ("Plaintiff") Amended Complaint (D.I. 12), filed by Defendants AT&T Corp., AT&T Services, Inc., and SBC Internet Services, Inc. (collectively, "Defendants" or "AT&T"), and having considered the parties' papers submitted in connection therewith;

IT IS HEREBY ORDERED that Defendants' motion to dismiss for failure to state a claim (D.I. 15) is DENIED for the reasons that follow.

1. On April 15, 2011, Plaintiff filed suit against AT&T Inc. and 74 other defendants alleging infringement of U.S. Patent Nos. 5,844,596 (the "'596 Patent"), 6,243,446 (the "'446 Patent"), and 6,542,585 (the "'585 Patent") (collectively, the "Asserted Patents"). On March 29, 2012, Plaintiff filed an Amended Complaint, reducing the total number of defendants to 72. On July 23, 2012, Plaintiff voluntarily dismissed all defendants except AT&T.

2. On July 30, 2012, Defendants moved to dismiss the Amended Complaint based on laches. (See D.I. 16) Defendants argue laches presumptively bars plaintiff's claims because,

with full knowledge of AT&T's relevant activities, Plaintiff sat on its patent rights for nearly nine years without attempting to enforce them against AT&T. (*See generally* D.I. 16; D.I. 21 at 3-4) In particular, Plaintiff's predecessor sued AT&T in July 2002 for alleged infringement of several of the same patents, and a week later voluntarily dismissed the suit. Then, although knowing by July 2002 of AT&T's accused activities, Plaintiff waited until after the patents expired (on July 14, 2009) to bring suit again. Defendants contend that the dilatory conduct of Plaintiff's predecessor is imputed to Plaintiff. Defendants further assert that Plaintiff's delay was inexcusable and has materially prejudiced AT&T. Finally, Defendants argue that Plaintiff does not in its Amended Complaint offer any justification for its lengthy delay in bringing this suit.

3.  Plaintiff responds that Defendants' contentions are conclusory. In Plaintiff's view, AT&T has failed to show that Plaintiff's delay was unreasonable and inexcusable, or that AT&T has been prejudiced by that delay. At bottom, Plaintiff contends that its alleged delay is not apparent from the face of the Amended Complaint, and therefore the laches defense is not amenable to resolution on a motion to dismiss. Plaintiff argues:

> Defendants' affirmative defense of laches is predicated on certain factual allegations that cannot be gleaned from the face of United Access's Amended Complaint. For example, Defendants allege that (1) United Access has imputed knowledge of a lawsuit filed by Inline against ATTC in 2002; (2) United Access has imputed knowledge of Defendants' infringing activities in 1998, when the '596 patent issued; (3) Defendants did not receive actual notice of Inline's intent to sue after the *EarthLink* case; (4) Defendants' potential witnesses and documents may be unavailable as a result of the delay; and (5) Defendants made increasing investments in the accused technology as a result of the delay. *See* D.I. 16 at 7-12. These factual allegations underlying Defendants' laches argument were not alleged in the Amended Complaint and thus cannot be accepted as true. As discussed below, United Access disputes many of these allegations.

(D.I. 19 at 9-10) Plaintiff adds that a presumption of laches should not apply because Plaintiff did not delay more than six years in filing suit against AT&T, given that three years should be excluded for the time the patents-in-suit had been temporarily found invalid in error. (*See id.* at 11) Finally, according to Plaintiff, even a presumption of laches would be rebutted here because "during the period of alleged delay, it was involved in other related litigation on the same patents brought by its predecessor in title that did not conclude until November 2011." (*Id.* at 1)

4. Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481–82 (3d Cir. 2000) (internal quotation marks omitted).

5. "[W]hen the defense of laches is clear on the face of the complaint, and where it is clear that the plaintiff can prove no set of facts to avoid the insuperable bar, a court may consider the defense on a motion to dismiss." *Lennon v. Seaman*, 63 F. Supp. 2d 428, 439 (S.D.N.Y. 1999).

6. The Court agrees with Plaintiff that the necessary elements for Defendants' defense of laches are not "clear on the face of the complaint." *Id.* at 439. Instead, as in *Lennon*, "a ruling on the defendant's defense of laches would necessarily involve a fact-intensive analysis and balancing of equities that would require the Court to consider matters outside the pleadings

that are in dispute." *Id.* Discovery will be required before the laches defense can be fairly evaluated. *See generally Autodesk Canada Co. v. Assimilate, Inc.*, No. 08-587-SLR-LPS, 2009 WL 3151026, at *8 (D. Del. Sept. 29, 2009) (denying defendant's motion to dismiss and/or for summary judgment that was "filed less than two months after the case was filed, before discovery had begun"). This is particularly true with respect to AT&T's claims of lack of notice, prejudice, and the circumstances surrounding its continued investment in alleging infringing technology.

Accordingly, the Motion to Dismiss is DENIED.

_____
UNITED STATES DISTRICT JUDGE