**STAMOULIS & WEINBLATT LLC**
*Intellectual Property & Delaware Corporate Law*

<u>VIA HAND DELIVERY AND CM/ECF</u>          December 20, 2019
Chief Judge Leonard P. Stark
844 N. King St., Unit 26, Rm. 6124
Wilmington, DE 19801-3555

    Re: *United Access Techs., LLC v. AT&T Inc., No. 11-338*

Dear Chief Judge Stark:

  Plaintiff United Access Technologies, LLC ("UAT") respectfully responds to AT&T's December 18, 2019 letter seeking to compel responses to AT&T's Interrogatory Nos. 17-21 and 23.

### I. <u>Interrogatory Nos. 17-21: "Non-Telephone Signals" Interrogatories</u>

  Consideration of AT&T's arguments as to the "non-telephone signals" interrogatories (Nos. 17-21) will benefit from two initial observations. First, AT&T incorrectly positions matters as if AT&T's interrogatories were issued in response to the Court's claim construction. In fact, the interrogatories came first (Nov. 2, 2016[1]), followed by the claim construction ruling two days later. This corrected timeline is important because of what it emphasizes: these interrogatories were not directed to the Court's claim construction—which had not yet issued—but to the proposed construction.

  Second, although AT&T suggests the interrogatories are directed to "the claim scope UAT obtained," AT&T's letter brief ("Br.") at 1, that is incorrect. AT&T's interrogatories really concern a construction AT&T proposed, but which the Court did not adopt:

> During claim construction, AT&T proposed a construction of "signal interface" that required the signal interface to "prevent[] all non-telephone signals from traveling upstream from the signal interface to the telephone exchange." . . . The Court agreed with UAT that the asserted claims were not inherently limited to a signal interface that blocked non-telephone signals from the telephone exchange, and construed the claims accordingly.

Br. at 1-2.

  That is the gist of the problem here: AT&T is asking about concepts that are not limitations of the asserted claims—that the claims "do not exclude," Br. at 2—because AT&T's interrogatories preceded claim construction and focused on a proposed construction that was not then adopted by the Court. The questions do not seek information relevant to the case.

  UAT has made considerable effort attempting to evaluate and understand these interrogatories and to conference with AT&T regarding them. And although AT&T asserts that "UAT's amended responses refuse to answer," Br. at 2, in fact UAT's answers reasonably attempt to answer the interrogatories to the degree they are pertinent.[2]

---

[1] UAT assumes the November 3 date in AT&T's letter brief is a typo, *see* Br. Ex. 1.
[2] For example, see the full paragraphs on pages 10-11 of Br. Ex. 7 (AT&T cites to the latter paragraph for its contention that "UAT's amended responses refuse to answer.")

AT&T also takes issue regarding what "non-telephone signals" means. The phrase is not defined in the interrogatories, and is used but not defined in the claim construction, so UAT proposed (and AT&T agreed to) using a definition taken from the specification: signals not intended to communicate with the local exchange. Br. Ex. 7 at 3, 7. As the Court has previously noted, there is "strong intrinsic evidence that the patentee used the term 'telephone exchange' to refer to a 'local exchange.'" ECF No. 105 at 14 (referenced in UAT's original and amended answers to these interrogatories). UAT therefore treated "local exchange" and "telephone exchange" to be equivalent. AT&T now criticizes this equivalence as "circular," Br. at 2, but does not provide a persuasive reason to ignore the Court's observation here.

The crux of the matter is that these are convoluted, confusing interrogatories, which AT&T directed to arguments that were largely superseded by the Court's later claim construction ruling. UAT provided every reasonable opportunity for AT&T to alter or adjust these interrogatories towards a relevant inquiry, *see, e.g.*, Br. Ex. 7 at 9 n.6, but AT&T refused to do so. Accordingly, UAT answered them fully insofar as it understood them to be pertinent.

**II.      Interrogatory No. 23: Hypothetical Claims for Ensnarement Defense Analysis**

AT&T's argument regarding its "ensnarement" interrogatory, No. 23, is substantially based on two propositions, one that is incomplete and one that is wrong.

The incomplete proposition concerns the burdens pertaining to ensnarement. AT&T's discussion of the *burden of persuasion* is largely correct, including that the burden of persuasion to overcome an ensnarement defense is on the party asserting infringement under the doctrine of equivalents. *E.g.*, *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d. 1314, 1323-24 (Fed. Cir. 2009). But AT&T's argument ignores the *initial* burden.

The initial burden of an ensnarement defense rests with the accused infringer—AT&T:

> Once a patentee invokes a theory of infringement under the doctrine of equivalents and the alleged infringer has raised an ensnarement defense, <u>the initial burden rests on the alleged infringer</u> to present "prior art which shows that the asserted range of equivalence would encompass the prior art . . . ." *Streamfeeder, LLC v. Sure-Feed Sys., Inc.*, 175 F.3d 974, 983 (Fed. Cir. 1999). After the infringer satisfies this burden, the burden then shifts to the patentee "to show that [his] claim does not cover the prior art." *Id.*

*G. David Jang, M.D. v. Boston Sci. Corp.*, 2015 WL 5822585 at *1 (C.D. Cal. Sept. 29, 2015) (emphasis added); *accord G. David Jang, M.D. v. Boston Sci. Corp.*, 872 F.3d 1275, 1281-82 (Fed. Cir. 2017) (accused infringer invoked ensnarement defense, referencing three prior art patents; "[o]n the merits of the ensnarement inquiry, [the patentee] elected to use a hypothetical claim analysis"); *Streamfeeder*, 175 F.3d at 983 ("Thus, after the accused infringer satisfies its burden of going forward (here, by presenting prior art which shows that the asserted range of equivalence would encompass the prior art), *Wilson* indicates that 'the burden to prove,' i.e., the burden of persuasion, rests on the patentee to show that its claim does not cover the prior art.").

And where, as here, "the alleged infringer ha[s] not met its initial burden to present prior art, 'there [i]s nothing for the patentee to rebut.'" *Jang*, 2015 WL 5822585 at *2 (brackets removed) (quoting *Fiskars, Inc. v. Hunt Mfg. Co.*, 221 F.3d 1318, 1323 (Fed. Cir. 2000)).

As to AT&T's second proposition, that ensnarement is not an affirmative defense, that is not simply incomplete but incorrect. AT&T takes issue with UAT's citation to *Fiskars, Inc. v.*

*Hunt Mfg. Co.*, 221 F.3d 1318, 1323 (Fed. Cir. 2000), arguing that *Fiskars* addressed a "practicing the prior art" defense that is different from ensnarement. Here is what *Fiskars* says on the matter, in full:

> <u>Hunt argues that the burden of proof was misplaced as to whether a hypothetical claim covering the range of equivalents</u> Fiskars was asserting would <u>ensnare the prior art</u>. Hunt does not argue that a hypothetical claim embracing its device would not be patentable; Hunt simply argues that Fiskars had the burden of presenting evidence and establishing that Hunt's device was not in the prior art, as part of its proof of infringement. Hunt states that the district court misplaced the burden of proof, thus requiring a new trial.
>
> <u>Hunt's theory is incorrect. It is an affirmative defense of the accused infringer to allege and to show that it is practicing the prior art.</u> When the patentee has presented a prima facie case of infringement, the burden shifts to the accused infringer to come forward with evidence to establish this defense. *See National Presto Indus., Inc. v. West Bend Co.*, 76 F.3d 1185, 1192 [] (Fed.Cir.1996) ("When the patentee has made a prima facie case of infringement under the doctrine of equivalents, the burden of coming forward with evidence to show that the accused device is in the prior art is upon the accused infringer.") The patentee is not required to negate an affirmative defense that has not been pled and supported with evidence.
>
> <u>Hunt did not allege that its device is in the prior art, or that a hypothetical claim covering its device would be unpatentable.</u> *See Wilson Sporting Goods Co. v. David Geoffrey & Associates*, 904 F.2d 677, 685, 14 USPQ2d 1942, 1949 (Fed.Cir.1990) (determining patentability of a hypothetical claim covering the accused device). Absent any evidence proffered by Hunt to show that its device was in the prior art, <u>there was nothing for Fiskars to rebut</u>.

221 F.3d at 1323 (emphasis added). And the *Jang* district court interpreted *Fiskars* in the same manner—as showing that the defense of ensnarement can be waived. 2015 WL 5822585 at *2.[3]

AT&T has not pleaded ensnarement, has not met its initial burden of presenting prior art that would be ensnared, and has not included ensnarement in its non-infringement interrogatory response or invalidity contentions (even after UAT pointed out the above, Br. Ex. 9 at 2-3). And AT&T has not shown that the hypothetical claims would not properly be proposed in response to AT&T meeting its burden of going forward with ensnarement (*e.g.*, if it is able to do so in its non-infringement expert report), or cited any authority inconsistent with such timing. Indeed, if now is the time for ensnarement positions to be elucidated, then it is AT&T who is behind schedule by its failure to carry its initial burden.

Accordingly, UAT respectfully requests the Court deny AT&T's motion to compel.

---

[3] Per *DePuy*, ensnarement is treated the same for procedural purposes as prosecution history estoppel. 567 F.3d. at 1323. Contrary to AT&T, Br. at 3 n.3, prosecution history estoppel is an affirmative defense. *Carman Indus., Inc. v. Wahl*, 724 F.2d 932, 942 (Fed. Cir. 1983).

Page 4

                        Respectfully,

                        Stamatios Stamoulis (#4606)
                        *Counsel for Plaintiffs*

cc: Counsel of Record (via CM/ECF)