

REDACTED
PUBLIC VERSION

Benjamin J. Schladweiler
Tel 302.661.7352
Fax 302.661.7163
schladweilerb@gtlaw.com

**VIA CM-ECF AND HAND DELIVERY**                                         December 20, 2019

The Honorable Leonard P. Stark
844 North King Street
Wilmington, DE 19801

      Re:    *United Access Techs., LLC v. AT&T, Inc.*, C.A. No. 11-338-LPS

Dear Chief Judge Stark:

UAT's letter brief seeks to convince this Court that AT&T has withheld ███████████ from UAT. But AT&T has done no such thing—it has spent over half a decade investigating relevant records relating to ADSL and has produced the records it found. To the extent UAT seeks to compel further information, it does not exist.

**1. AT&T has already provided discovery on ███████████**

In response to UAT's Interrogatory 8, AT&T identified by Bates number nineteen documents relating to ███████████—in addition to identifying documents showing the contents of ███████████

AT&T then provided a 30(b)(6) deponent who was designated to testify on AT&T ███████████ This deponent, Jill Van Slyke, testified capably about ███████████ AT&T also provided a separate 30(b)(6) deponent, Eddy Barker, on AT&T's ███████████

UAT raises no complaints on Mr. Barker's testimony, and its complaints about Ms. Van Slyke's testimony demonstrate that she was in fact prepared to testify regarding AT&T's ███████████ The

---

[1] The sub-portions of Topic 9 on which UAT now (three months after Ms. Van Slyke's deposition) seeks a deponent fall within ███████████ Any failure by UAT to question Ms. Van Slyke on the topics on which she was designated does not entitle them to further discovery. UAT also complains ███████████

Chief Judge Leonard P. Stark  
Page 2

December 20, 2019  
REDACTED - PUBLIC VERSION

underlying data was produced and also identified in Interrogatory 8. Ex. 1 at 9, Ex. 4 (snapshots of cited documents). UAT failed to inquire at all about ten of the documents AT&T had identified in its response as relating to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ms. Van Slyke studied and was prepared to testify about all these documents. Ex. 5 (Swenson Decl.) ¶ 5.

Counsel for AT&T first began collecting documents from ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

UAT's statements about Mr. Van Slyke's testimony are incorrect. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ UAT's arguments are proven wrong by these facts—facts that UAT chose not to include in its letter brief argument and its 421 pages of exhibits.

AT&T also provided extensive information from two unrelated lawsuits that involved ADSL, including expert reports and exhibits, written discovery responses and cited documents, and deposition transcripts and exhibits, and Mr. Van Slyke was questioned extensively about this information in his deposition. AT&T cannot produce further data on this point because AT&T has already produced everything, and AT&T has *already told* UAT that the particular data it now seeks to the extent it has not been produced does not exist. Ex. 8 (e-mails).

---

2 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

### 2. UAT's additional topics are duplicative, irrelevant, and untimely

The Court should deny UAT's motion to compel testimony on Topics 10, 16, 17, 19, 23, 25, 29, and 42 because these topics are redundant of other topics on which AT&T provided a deponent or because AT&T has no knowledge.

UAT's current complaints regarding AT&T's responses to its 30(b)(6) also are untimely. Despite having had AT&T's objections since 2016, UAT did not even begin to meet and confer with AT&T on these topics until October 2019—well after it had started to take 30(b)(6) testimony. For all these reasons, the Court should deny UAT's motion to compel testimony on these topics.

### 3. UAT is not entitled to a second deposition on Topics 2, 11, 12, 15, and 22

UAT is not entitled to a *further* 30(b)(6) deposition on Topics 8, 11, 12, 15, and 22. UAT offers only a conclusory statement that Ms. Van Slyke was not properly prepared without justifying why any of the sections of her transcript in UAT's voluminous exhibits entitle it to any relief.

Ms. Van Slyke's transcript demonstrates that she prepared for her deposition for several weeks, reviewing numerous documents and speaking with other AT&T employees. Ex. 2, 39:6–8, 44:14–15, 39:14–41:1. UAT's unsupported arguments do not meet its burden to show it is entitled to a second deposition on the same topics.

Respectfully,

*/s/ Benjamin J. Schladweiler*

Benjamin J. Schladweiler (#4601)