IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICTOF DELAWARE

| | |
|---|---|
| United Access Technologies, LLC, : | |
| Plaintiff, : | |
| v. : | C.A. No. 11-338-LPS |
| AT&T Corp., AT&T Services, Inc., : | |
| and SBC Internet Services, Inc., : | |
| Defendants. : | |

## MEMORANDUM ORDER

At Wilmington this **12th** day of **June, 2020**:

Pending before the Court is Defendants AT&T Corp., AT&T Services Inc., and SBC Internet Services, Inc.'s (collectively, "AT&T") motion to compel certain litigation funding-related discovery from Plaintiff United Access Technologies, LLC ("UAT"). (*See* D.I. 191, 192) On a December 9, 2019 teleconference, the Court ordered UAT to produce for *in camera* review disputed documents relating to communications to or from third parties regarding potential investment by those third parties in UAT's lawsuits (i.e., Category 2) and communications to and from third parties relating to "quarterly updates" about UAT's current lawsuits (i.e., Category 3).[1] (D.I. 238 at 20-23) AT&T contends this information is not privileged and should be produced (*see* D.I. 191 at 3), while UAT responds that production is not required because litigation funding information is irrelevant, is protected by the work-product

---

[1] AT&T also moved to compel documents reflecting UAT's expenses in monetizing the patents-in-suit, interests in the patents-in-suit, and the identity of contributors of money in exchange for a percentage of UAT's recovery from its lawsuits (i.e., Category 1). In view of stipulations and representations made by the parties, the Court declined to order any relief with respect to this portion of the motion. (D.I. 238 at 20-21)

doctrine, and is privileged (*see* D.I. 192).

Having now reviewed *in camera* the documents submitted by UAT that would be responsive to Categories 2 and 3, and having considered the parties' various filings (including undocketed letters[2]), **IT IS HEREBY ORDERED** that, for the reasons stated below, AT&T's motion to compel discovery responsive to Categories 2 and 3 is **DENIED**.

1. Discoverability of litigation funding materials under Federal Rule of Civil Procedure 26 is a contested issue on which there is no binding precedent in the Third Circuit. *See In re Valsartan N-Nitrosodimethylamine (NDMA) Contam. Prod. Liab. Lit.*, 405 F. Supp. 3d 612, 615 (D.N.J. 2019) (collecting cases and agreeing "with the plethora of authority that holds that discovery directed to a plaintiff's litigation funding is irrelevant"). Generally, when confronted with this sort of dispute, close consideration of the subject matter in the disputed documents (e.g., through *in camera* review) is a prudent approach. *See, e.g.*, *ART+COM Innovationpool GmbH v. Google, Inc.*, C.A. 14-217 D.I. 196 (D. Del. Sept. 11, 2015) (finding, after *in camera* review, agreements with plaintiff's litigation financiers were irrelevant). That is the course the Court has followed here.

2. Having undertaken this review, the Court has concluded that AT&T has failed to meet the threshold requirement to show that the litigation funding-related discovery it seeks here is relevant. *See Invensas Corp. v. Renesas Elecs. Corp.*, 2013 WL 12146531, at *2 (D. Del. May 8, 2013) ("When a party objects to discovery requests, the burden falls on the party seeking the discovery to show the relevance of the information requested.") (further citation omitted). In support of relevance, AT&T points to *Acceleration Bay LLC v. Activision Blizzard, Inc.*, 2018

---

[2] UAT filed letters dated December 26, 2019 and January 31, 2020, while AT&T filed a letter dated January 23, 2020. These letters are presently not on the docket. The parties should docket them (with appropriate redactions should they belief redactions are warranted).

WL 798731, at *3 (D. Del. Feb. 9, 2018), for the broad proposition that communications with prospective sources of funding, as well as subsequent litigation updates to eventual funders, are "relevant to central issues like validity and infringement, valuation, damages, royalty rates, and whether plaintiff is an operating company."[3]  (*See* D.I. 191 at 3; *see also* D.I. 238 at 7)  But *Acceleration Bay* does not hold (as no case could) that such materials are always relevant, without any consideration of additional factors.

        3.      In the instant case, AT&T merely speculates that the reasons underlying the order requiring production in *Acceleration Bay* are also present here.  But AT&T fails to articulate how documents within the scope of Categories 2 and 3 are relevant to the specific claims or defenses of ***this*** case.  (*See* D.I. 238 at 8) ("Obviously, we have not seen these documents, so we don't know exactly what they contain, but generally the *Acceleration Bay* case holds that they are relevant.").  Simply put, AT&T has not met its burden to show the relevance of the documents it seeks.  *See generally Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1326 (Fed. Cir. 1990) ("[R]equested information is not relevant to 'subject matter involved' in the pending action if the inquiry is based on the party's mere suspicion or speculation . . . .  [D]iscovery may be denied where, in the court's judgment, the inquiry lies in a speculative area.").

        4.      Further, having reviewed the numerous documents submitted for *in camera* review by UAT, the Court finds that they do not appear to be relevant to any issue in this case.[4]

---

[3] As UAT correctly observes, the portion of *Acceleration Bay* relied on by AT&T is not the express holding of the Court, but rather a quotation from the moving party's brief.  (*See* D.I. 238 at 14)  Moreover, *Acceleration Bay* involved loans (as opposed to investments) and was a review of a special master ruling – factors which may (or may not) have been pertinent to the analysis and outcome there.

[4] UAT organized its *in camera* submission of Category 2 and 3 documents as follows: Section 1 – individual funder solicitations; Section 2 – communications with individual funders who declined to do a deal; Section 3 – communications with individual funders who did a deal; Section 4 – communications with entity funders who declined to do a deal; Section 5 –

5.  As AT&T has failed to carry its burden on relevance, the Court need not, and does not, address the parties' various additional disputes relating to work-product doctrine, attorney-client privilege, common interest, parent-child privilege, and spousal privilege.

                                                           */s/ Leonard P. Stark*
                                                      HONORABLE LEONARD P. STARK
                                                      UNITED STATES DISTRICT JUDGE

---

communications with an entity funder who did a deal; Section 6 – litigation updates provided to individuals and entities entitled to recover a portion of litigation proceeds; and, Section 7 – a control and distribution agreement.